IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CARLOS LIMONES,

                    Plaintiff,

-vs-                                                                     Case No.  A-09-CA-269-SS

512 DEVELOPING LLC and MICHAEL J.
DENGERINK,

                    Defendants.

_____

# O R D E R

BE IT REMEMBERED on the 27th day of May, 2010, the Court called the above-styled cause for status conference.  Plaintiff appeared through counsel, but Mr. Dengerink failed to appear.[1] Mr. Dengerink has consistently violated the rules of the Court.  He has failed to respond to Plaintiff's requests for admissions, Plaintiff's summary judgment motion, and he failed to appear at the status conference on May 27, 2010.  Further, he began the lawsuit by attempting to represent the business entity, 512 Developing LLC, himself.  After the Court  notified Mr. Dengerink he was not able to represent a legal entity because he is not a lawyer, the Court warned him he had twenty days to obtain counsel for the entity or the entity would be considered a defaulting party.  Following the entry of a Proposed Joint Scheduling Order on July 24, 2009, Mr. Dengerink allowed an entry of default against 512 Developing LLC, and has failed to respond to any matters in the case since that time.  Thus, having considered Plaintiff's Motion for Summary Judgment [#15], the Court enters the following order.

_____

[1]Mr. Dengerink is proceeding pro se in this matter, and 512 Developing LLC is in default.

**Analysis**

Due to 512 Developing LLC's default,  it is deemed to have admitted the allegations contained in Plaintiff's complaint.  CITE.  While Mr. Dengerink did answer the complaint, he subsequently failed to respond to Plaintiff's request for admissions, which were due April 28, 2010. Plaintiff has now waited an additional month and has still received no response to their request for admissions.  Having failed to respond, Mr. Dengerink has admitted all the matters addressed in the request.  *See* Fed. R. Civ. P. 36(a)(3).

**Facts Deemed Admitted**

Due to 512 Developing LLC's deemed admission of the allegations in Plaintiff's complaint and Mr. Dengerink's deemed admission of the matters in Plaintiff's request for admissions, the summary judgment evidence before the Court indicates:

1.    Plaintiff worked for 512 Developing LLC from July 17, 2008 through March 11, 2009 as a carpenter at a rate of $15.00 per hour.

2.    During July 17, 2008 through February 27,2009, Plaintiff worked 70 hours per week and was paid $15.00 for each hour worked.

3.    During February 28, 2009 through March 11,2009, Plaintiff worked 76 hours total, six of which were overtime hours.

4.    For the period of February 28, 2009 through March 11, 2009, Plaintiff received no compensation for the hours he worked.

5.    For the period of July 17,2008 through February 27, 2009, Defendants owe Plaintiff 960 hours of overtime at a rate of $7.50 per hour.

6.      For the period of time from February 28, 2009 through March 11, 2009, Defendants

        owe Plaintiff 70 hours at the minimum wage rate of $6.55 per hour.

7.      For the period of time from February 28, 2009 through March 11, 2009, Defendants

        owe Plaintiff six hours of overtime at a rate of $22.50 per hour.

8.      Defendant Michael Dengerink acted directly or indirectly in the interest of 512

        Developing LLC in relation to Plaintiff's employment with the company.

9.      Defendant Michael Dengerink was substantially in control of the terms and conditions

        of Plaintiff's work performed for 512 Developing LLC.

10.     At all times during Plaintiff's employment with 512 Developing LLC, Michael

        Dengerink was an employer of Plaintiff as defined by 29 U.S.C. §203(d).

11.     Defendant 512 Developing LLC was an enterprise engaged in interstate commerce,

        as defined by the Fair Labor Standards Act and pertinent Department of Labor

        regulations, during Plaintiff's employment with the company.

12.     Plaintiff engaged in interstate commerce on a routine and regular basis while

        employed by 512 Developing LLC.

13.     Defendants willfully failed to pay Plaintiff the overtime and minimum wage owed.

14.     Defendant Michael Dengerink and 512 Development LLC are jointly and severally

        liable for damages owed to Plaintiff.

15.     This Court is conferred with jurisdiction over this case pursuant to 28 U.S.C. §1337

        and 28 U.S.C. §216(b).

16.     Defendant 512 Developing LLC had employees who handled goods which had at

        some point traveled in interstate commerce during Plaintiff's employment.

On the basis of these facts, Plaintiff has shown there is no disputed issue of material fact and he is owed $7,335.00 in unpaid overtime and $458.50 in unpaid minimum wages. In addition, under the FLSA Plaintiff is also entitled to liquidated damages which may not be reduced unless the employer can show its failure to obey the statute was in good failth. *See Nero v. Industrial Molding Corp.*, 167 F.3d 921, 921 (5th Cir. 1999). Thus, since Defendant's have failed to oppose the imposition of liquidated damages, indeed failed to appear at all, Plaintiff is entitled to liquidated damages of $7,793.00.

### Attorney's Fees

29 U.S.C. § 216(b) authorizes an award of attorneys' fees and costs to the prevailing plaintiffs in any proceedings to enforce the FLSA. This award is mandatory due to the remedial goals of the FLSA. *See id.* Even though the award is mandatory, the party seeking a fee award bears the burden of establishing the reasonableness of the hours and hourly rates and showing they exercised billing judgment. *Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 251 (5th Cir. 2002). To determine whether the hours claimed and the use of those hours were reasonable, the Court examines the billing records. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

The Declarations and billing records attached to Plaintiff's motion indicate the fees requested are reasonable. The billing records indicate a total of 15.39 hours of attorney time and 13.9 hours of paralegal time. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (paralegal hours are included in attorneys' fee awards). There is no indication time spent was excessive, or there was any duplication of effort. Thus, the Court finds the number of hours are reasonable.

The next step is determining the market rate for services of this nature.  The attorney in this case seeks an award of $300.00 per hour, which reflects his twenty years of civil litigation experience and the market rate of similar services in central Texas.  The paralegal charges vary between $50.00 per hour and $95.00 per hour.  Considering the hours worked by the paralegals in this case, these rates are reasonable.

Finally, there is undisputed evidence Plaintiff has incurred costs of $350.00 for the filing fee and $355.00 for service of process fees.  Plaintiff is entitled to reimbursement of these fees.  *See* 29 U.S.C. § 216(b).

### Conclusion

Based on the undisputed facts, Plaintiff is entitled to $7,335.00 in unpaid overtime, $458.50 in unpaid minimum wages, and $7,793.00 in liquidated damages for a total principal amount of damages of $15,586.00.  In addition, Plaintiff is entitled to reasonable attorney's fees and costs totaling $5928.00 in fees and $705.00 in costs for a total award of $22,219.00.  In accordance with the foregoing,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment [#15] is GRANTED.

SIGNED this the 11th day of June 2010.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE